**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIYA GLUSHCKEKOVA, | No. 05-77282 |
| Petitioner, | |
| v. | Agency No. A096-338-900 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2010[**]
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Nataliya Glushckekova petitions this court for a review of a decision of the Board of Immigration Appeals ("BIA"). As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Glushckekova contends that substantial evidence does not support the BIA's determination that she is not entitled to asylum. We disagree.

Glushckekova's own testimony undermines any claim that she possesses a subjective fear of persecution in Ukraine. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998). During the period she claims the police persecuted her, she repeatedly traveled outside Ukraine without seeking refuge or asylum. She did not leave Ukraine until six months after her alleged rape. She delayed moving to the United States until several months after the government approved her K-1 visa application. Finally, she testified that she "didn't really flee Ukraine," but came to the United States to marry her fiancé. Because of this testimony, she cannot demonstrate a subjective fear of persecution.

Additionally, Glushckekova cannot demonstrate an objective fear of persecution. She claims she suffered persecution in the past, but she has failed to present evidence substantiating this claim. Much of the abuse she describes, such as receiving slaps from police officers, does not rise to the level of persecution.

2

*See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Although the rape she described in her testimony is certainly severe, she cannot demonstrate that it was carried out by government actors or forces the government was unable or unwilling to control. Accordingly, Glushckekova has failed to establish that she possesses an objectively reasonable fear of persecution.

Given the lack of evidence substantiating Glushckekova's claims, we are satisfied that the BIA's conclusion that she failed to establish her entitlement to asylum is supported by substantial evidence.

II

Glushckekova next contends that she is entitled to withholding of removal and relief under CAT. We disagree.

A

Given that Glushckekova failed to satisfy the standard applicable to her asylum claim, she has also failed to satisfy the higher standard applicable to her withholding of removal claim. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (holding that when a petitioner cannot establish eligibility for asylum, she also cannot established eligibility for withholding of removal, "which imposes a heavier burden of proof").

B

Glushckekova is not entitled to CAT relief because she has not shown that she would more likely than not be tortured if returned to her country of origin.[1]

*See* 8 C.F.R. § 1208.16(c)(2).

III

For the foregoing reasons, Glushckekova's petition for review is

**DENIED.**

---

[1] Because we conclude that substantial evidence supports the BIA's determination that Glushckekova failed to present evidence entitling her to relief, we need not comment on her challenge to the BIA's adverse credibility finding.